# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DORTHEA APRIL STAFIRN,**

    **Plaintiff,**

vs.                                               **CASE NO. 4:11cv276-RH/WCS**

**FEDERAL BUREAU OF
INVESTIGATION, et al.,**

    **Defendants.**

                                               /

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint, doc. 1, and a motion for leave to proceed *in forma pauperis*. Doc. 2. At the time of case initiation, Plaintiff listed her address on the complaint as being at the Palm Beach County Main Detention [Center] in West Palm Beach, Florida. Doc. 1, p. 2. Plaintiff's *in forma pauperis* motion stated that she was "currently incarcerated" at the Florida State Hospital. Doc. 2, p. 1. However, Plaintiff also provided an address at the Palm Beach County Sheriff's Detention Center in West Palm Beach, Florida. *Id.* The print-off showing Plaintiff's current balance that was attached to the *in forma pauperis* motion was from "Unit 25/Ward I" at the Hospital. Doc. 2, p. 5. To determine if Plaintiff was a "prisoner" under § 1915(h), an order was

entered directing Plaintiff to clarify her status at the hospital.  Doc. 4.  Plaintiff has responded and stated that she was "deemed incompetent to proceed on December 10, 2010."  Doc. 5.[1]  Plaintiff states that she "has been charged with aggravated battery with a deadly weapon."  *Id.*, at 2.  It appears from Plaintiff's response, that she has been returned to the Palm Beach County Main Detention Center.  *Id.*

In light of the fact that Plaintiff is no longer in the Northern District of Florida, and because review of her original complaint reveals that all named Defendants are located in West Palm Beach, Florida and, thus, the events at issue took place there, this case should be transferred to the Southern District of Florida for all further proceedings.  That court will be in the better position to accurately determine whether Plaintiff is entitled to *in forma pauperis* status, and to proceed with a review of her complaint.

Because West Palm Beach is located in the Southern District of Florida, as are each of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Southern District of Florida, West Palm Beach Division.

**RECOMMENDATION**

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States

---

[1] It would appear from the response, doc. 5, that Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h) because she is "incarcerated or detained in any facility" and has been "accused of . . . violations of criminal law."  Nevertheless, ruling on the *in forma pauperis* motion should be left to the receiving court.

District Court for the Southern District of Florida, West Palm Beach Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2011.

     s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:11cv276-RH/WCS